UNITED STATES DISTRICT COURT
                             DISTRICT OF NEW JERSEY

SRC CONSTRUCTION CORP.           :
OF MONROE,                       :
                                 :    HONORABLE JOSEPH E. IRENAS
            Plaintiff,           :    CIVIL NO. 10-3461 (JEI/AMD)
                                 :
                                 :              **OPINION**
        v.                       :
                                 :
ATLANTIC CITY HOUSING            :
AUTHORITY, et al.,               :
                                 :
            Defendants.          :


**APPEARANCES:**

CONDON & ASSOCIATES, PLLC
By:  Brian K. Condon, Esq.
55 Old Turnpike Road, Suite 502
Nanuet, New York 10954
            Counsel for Plaintiff SRC Construction Corp. of Monroe

PARKER McCAY PA
By:  Richard W. Hunt, Esq.
3 Greentree Centre, Suite 401
7001 Lincoln Drive West
P.O. Box 974
Marlton, New Jersey 08053
            Counsel for Defendant Atlantic City Housing Authority

SUAREZ & SUAREZ
By:  Joseph M. Suarez, Esq.
2016 Kennedy Blvd.
Jersey City, New Jersey 07305
            Counsel for Defendant Lindemon, Winckelmann, Deupree,
            Martin, Russell & Associates, P.C.


**IRENAS**, Senior District Judge:

     In this diversity suit, the parties dispute who is responsible for the extended delays that occurred during the construction of an assisted living facility in Atlantic City, New Jersey, which resulted

in over three million dollars in additional costs.  Defendant Lindenmon, Winckelmann, Deupree, Martin, Russell & Associates, P.C. ("Lindemon") presently moves for summary judgment, asserting that all of Plaintiff SRC Construction's claims against it are barred by New Jersey's Affidavit of Merit Statute.  Similarly, Defendant Atlantic City Housing Authority ("ACHA") moves for summary judgment on all of SRC Construction's claims against it, arguing that because Lindemon cannot be liable to SRC Construction, ACHA also cannot be liable to SRC Construction.  For the reasons stated herein, Lindemon's Motion will be granted and ACHA's Motion will be denied.

**I.**

This is the third written opinion in this case.  Accordingly, the Court presumes some familiarity with the previous opinions and the parties' disputes in this case.  *See SRC Construction Corp. of Monroe v. Atlantic City Housing Authority, et al.,* 2011 WL 1375680 (D.N.J. April 12, 2011); *SRC Construction Corp. of Monroe v. Atlantic City Housing Authority, et al.,* 935 F.Supp.2d 796 (D.N.J. 2013).  Plaintiff SRC Construction was the general contractor for the John P. Whittington Senior Living Center project in Atlantic City, Lindemon was the project architect, and ACHA is the property owner.[1]  It appears from the record that the largest delays occurred as the

---

[1] Czar Engineering, the project engineer, was also named as a Defendant to this suit, but the Court granted its Motion to Dismiss in April, 2011.  Czar is no longer a party to this suit.

result of a prolonged permit approval process before the Atlantic City Division of Construction (244 days); "first floor plank design delay" (8 weeks); "Building Department field correction delay" (135 days); and "change order delays" (30 months). (Plaintiff's Ex. D[2]) SRC Construction argues that Lindemon's negligence caused these delays and that ACHA breached its contract with SRC Construction when it refused to extend the project completion deadlines.

The pending summary judgment motions are basically "round two" on an issue that this Court addressed in its Opinion granting in part and denying in part Lindemon's Motion to Dismiss. *See* 2011 WL 1375680 (D.N.J. April 12, 2011). Relying on the undisputed fact that SRC had not obtained an affidavit of merit as required by New Jersey statute, Lindemon argued that all of SRC's claims should be dismissed. The Court held that: (1) the affidavit of merit statute applies to all of SRC's claims against Lindemon; (2) some of those claims clearly allege professional architectural negligence, proof of which would require expert testimony and are therefore barred by the affidavit of merit statute; but (3) some claims *might* not be barred because they *might* fall within the "common knowledge exception" to the affidavit of merit requirement. Most relevantly, the Court stated,

---

[2] Plaintiff's Exhibit D is a spreadsheet of the "construction schedule" for the senior living center. At oral argument, Plaintiff's counsel represented to the Court that the document was created by SRC Construction to monitor construction progress.

> *At least at this stage of the litigation*, some of SRC Construction's factual allegations do not appear to require proof by expert testimony. For example, Lindemon's alleged 'fail[ure] to provide the necessary building permits to SRC,' (Compl. ¶ 29), and 'submitt[ing] drawings on multiple occasions to the Building Department that were deemed Non-Code Compliant' (Compl. ¶ 118(i)), will not necessarily require expert testimony. A layperson could understand that simply failing to provide a building permit, or submitting drawings that were deemed non-code compliant by a third-party, could cause delays that allegedly resulted in higher costs for the project.
>
> Similarly, *depending on why* the alleged 'verbal approvals of change orders' were 'defective' (Compl. ¶ 118(iv)), expert testimony *may* not be necessary. For example, if the defect were nothing more than the inclusion of plainly erroneous information, such as an incorrect quantity of a particular material, expert testimony would not be needed.
>
> Lastly, while Lindemon argues that SRC Construction will need an expert to establish whether or not Lindemon responded to requests for information in a 'timely manner,' (Compl. ¶ 118(iii)), *the Court cannot reach that conclusion on the present record*. Discovery may produce facts demonstrating such extensive delays that even a layperson could find them unreasonable. Thus, for example, while expert testimony might be necessary to establish the timeliness of a two week delay in responding to a certain request, such testimony might not be necessary to establish the untimeliness of a 599-day delay when the entire project was expected to be completed in approximately 600 days.

*Id.* at 17-18 (italics added). In partially denying Lindemon's Motion to Dismiss based on the potential applicability of the common knowledge exception, the Court explicitly stated, however, that "[i]f . . . discovery demonstrates that establishing any of the remaining claims [against Lindemon] will require expert testimony-- indeed, if SRC Construction seeks to use an expert for such purpose-- such claim

4

or claims would be subject to dismissal on summary judgment." *Id.* at n. 10.

**II.**

"Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).

In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the nonmoving party. *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). "'With respect to an issue on which the nonmoving party bears the burden of proof, the burden on the moving party may be discharged by "showing"—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Conoshenti v. Pub. Serv. Elec. & Gas*, 364 F.3d 135, 145-46 (3d Cir. 2004) (quoting *Celotex*, 477 U.S. at 325). The role of the Court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

**III.**

The Court addresses Lindemon's Motion and then ACHA's Motion.

**A.**

As should be apparent from the Court's discussion above, the procedural posture of this case is critical to the Court's decision concerning the applicability of the common knowledge exception to the affidavit of merit requirement. In contrast to where this case was more than two years ago (when the Court ruled on Lindemon's Motion to Dismiss), the Court now looks beyond the pleadings to the facts developed in discovery and considers SRC Construction's theory of its case based on those record facts. In so doing, the Court concludes that it must now close the door that was left open at the pleadings stage.

It is apparent from the parties' submissions, and counsel's energetic oral argument, that SRC Construction's negligence claims against Lindemon do not rest on isolated incidents which caused discrete delays in an otherwise smoothly progressing project. On the contrary, SRC Construction argues that its losses were caused by Lindemon's course of negligent conduct spanning many years. To understand Lindemon's course of conduct and ultimately conclude that Lindemon was negligent, a jury would need to understand Lindemon's function as architect and project manager, and its roles in (1) the complicated and technical building permitting process; and (2) a

change order process that is common to the construction industry. Such facts are beyond the "common knowledge" of a layperson and thus require proof through expert testimony. *See SRC Const. Corp. of Monroe,* 2011 WL 1375680 at *5. ("A claim otherwise subject to the Affidavit of Merit statute may nevertheless proceed without an affidavit of merit 'when expert testimony is not required at trial to establish the defendant's negligence'-—i.e., 'when an expert will not be called to testify that the care, skill, or knowledge of the defendant fell outside acceptable professional or occupational standards.'" (quoting *Hubbard v. Reed*, 168 N.J. 387, 390 (2001)).

Moreover-- and perhaps because SRC Construction's theory rests on a course of conduct, rather than isolated incidents-- SRC Construction's opposition brief gives very few specifics as to what allegedly happened and when. Where details are given, they are unsupported by evidence and raise more questions than they answer. For example, SRC's brief states, "SRC contends that 'Smoke/carbon monoxide units not specified on construction drawing but required by Code and Building Department' (Change Order #40)." (Opposition Brief p. 8) First, the sentence makes no sense, at least not to a layperson. Second, SRC Construction is apparently relying on Change Order #40, however it does not submit that change order in support of its opposition.[3] Third, SRC Construction does not explain whether

---

[3] Lindemon submits Change Order #40 along with its reply brief, but that submission does not resolve the problem. The Complaint specifically identifies by date and item, 39 separate change orders (Compl. 48-86), yet the summary judgment record

7

the Change Order is intended to be evidence of a change order delay or a delay in the permit approval process or both. In this regard, SRC Construction has failed to come forward with record evidence creating a triable issue of material fact as to Lindemon's negligence.

Thus, the Court holds that the common knowledge exception to the affidavit of merit requirement does not apply to SRC's remaining claims against Lindemon.[4] Accordingly, Lindemon's Motion for Summary Judgment will be granted.

**B.**

ACHA also moves for summary judgment, arguing that it cannot be vicariously liable for Lindemon's alleged negligence because: (1) Plaintiff cannot prove Lindemon's primary negligence because the

---

contains only two change orders-- SRC Construction's Ex. X, and Lindemon's Ex. M.

[4] To be clear, the Court will grant summary judgment to Lindemon on all of the claims remaining against it-- the negligence claim, as well as the breach of implied and express warranty claims-- because they all rest on the same facts and alleged failures of Lindemon. All of the claims allege "act[s] of malpractice or negligence by [Lindemon]," N.J.S.A. 2A:53A-27, and therefore are subject to the Affidavit of Merit statute. *See SRC Const. Corp. of Monroe,* 2011 WL 1375680 at *4 ("'[i]t is not the label placed in the action that is pivotal but the nature of the legal inquiry.... [R]ather than focusing on whether the claim is denominated as tort or contract, attorneys and courts should determine if the claim's underlying factual allegations require proof of a deviation from the professional standard of care applicable to that specific profession.... If such proof is required, an affidavit of merit shall be mandatory for that claim, unless either statutory, N.J.S.A. 2A:53A-28, or common knowledge exceptions apply.'") (quoting *Couri v. Gardner*, 173 N.J. 328, 334 (2002)).

common knowledge exception does not apply (i.e., there can be no vicarious liability absent primary liability); and (2) as a matter of law, ACHA cannot be liable for Lindemon's negligence because Lindemon was an independent contractor.

The flaw in ACHA's argument is that the Complaint does not allege that ACHA is vicariously liable for Lindemon's negligence. SRC Construction's claims against ACHA are almost exclusively contract claims: breach of contract, breach of express and implied warranties, unjust enrichment, breach of good faith and fair dealing, wrongful termination of contract, and conversion.

At oral argument ACHA's counsel argued that SRC Construction's failure to obtain an affidavit of merit not only barred SRC Construction's claims against Lindemon, but that the failure also barred SRC Construction's claims against ACHA. The Court disagrees.

The Affidavit of Merit statute, by its very terms, applies only to certain claims against "licensed person[s] in his [or her] profession or occupation." N.J.S.A. 2A:53A-27, and specifically applies only to claims against the "licensed person[s]" enumerated in N.J.S.A. 2A:53A-26 (defining "licensed person" to include attorneys, physicians, accountants, architects, and engineers, among others). ACHA is the property owner. It plainly is not a "licensed person" to whom the statute applies.

Accordingly, ACHA's Motion for Summary Judgment will be denied.

9

**IV.**

For the reasons set forth above Lindemon's Motion for Summary Judgment will be granted and ACAH's Motion for Summary Judgment will be denied.[5] An appropriate Order accompanies this Opinion.

October 24, 2013                         s/ Joseph E. Irenas
                                         JOSEPH E. IRENAS, S.U.S.D.J.

---

[5] The dispositive motion deadline has passed, and this case is now ready for pretrial conference. The cumulative result of this decision, and the Court's previous decisions on the parties' dispositive motions, is the following.

Lindemon is no longer a Defendant to SRC Construction's claims against it. Accordingly, Lindemon's cross-claims against ACHA for indemnification and contribution (Docket #8) will be dismissed as moot.

However, Lindemon remains a Defendant to ACHA's cross-claims for: (1) negligence in its role as Project Manager; and (2) indemnification and contribution. (Docket #15) *See SRC Construction Corp. of Monroe v. Atlantic City Housing Authority, et al.,* 2011 WL 1375680 (D.N.J. April 12, 2011) (holding that ACHA's cross-claims are not subject to the Affidavit of Merit statute because "nothing in the facts pled suggests that Lindemon's professional skills as an architect were necessary either to (a) 'properly review payment applications' submitted by the general contractor (SRC Construction) to the property owner (the Housing Authority) or (b) communicate defects to the Housing Authority.").

As between SRC Construction and ACHA, the following claims remain: SRC's claims against ACHA for breach of contract, breach of warranties, unjust enrichment, breach of good faith and fair dealing, wrongful termination of contract, and conversion (Docket #1); and ACHA's counterclaims against SRC for breach of contract, negligence, intentional misrepresentation, negligent misrepresentation, and conversion. (Docket #15)